UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ILZE CRAPO and MARK CRAPO,<br>      *Appellants*,<br>      *v.*<br>WILLIAM J. BLACKER, JR. and TERRI BLACKER,<br>      *Appellees.* | Civil No. 3:13cv248 (JBA)<br><br>March 30, 2014 |

**RULING AND ORDER**

     Appellants Ilze and Mark Crapo, proceeding pro se, appeal [Doc. # 1], pursuant to 28 U.S.C. § 158(a), from a December 6, 2012 order of the United States Bankruptcy Court for the District of Connecticut denying their motion to alter or amend, which the Bankruptcy Court construed as a motion for relief from judgment, on the grounds that they were judicially estopped from denying that Mark Crapo had a 100% interest in the real property located at 133 Winsted Road in Torrington, Connecticut (the "Property") at the time they filed their Chapter 7 petition.  Appellants argue that the Bankruptcy Court erred in concluding that Mr. Crapo had a 100% interest in the Property pre-petition as a result of his divorce decree, although the transfer of his ex-wife's fifty percent interest in the Property was not effected until after his discharge from bankruptcy.  For the reasons that follow, the ruling of the Bankruptcy Court will be affirmed.

I.      **Background**[1]

On May 6, 2011, Appellants filed a joint Chapter 7 bankruptcy petition. On Schedule A of that petition, in which debtors are required to detail all interests in real property, Appellant Mark Crapo indicated that he held a 100% interest in the Property. Appellants also indicated that the Property was worth $95,000 on that schedule. Mr. Crapo held the Property pursuant to a December 30, 1994 quit claim deed from himself to himself and his former wife, Chantal Crapo. In 1997, Mark and Chantal Crapo divorced, and the divorce decree ordered that the former Mrs. Crapo transfer her interest in the Property to Mr. Crapo. However, the former Mrs. Crapo failed to comply with this court order and Mr. Crapo failed to perfect title to his 100% interest by recording a copy of the divorce decree in the land records. Thus, when the bankruptcy petition was filed, the land records indicated that the Property was still held in joint tenancy by Mark and Chantal Crapo. Appellants made no mention of this divorce decree in their petition, and did not describe the nature of Mr. Crapo's 100% interest in the Property or indicate that title had not been perfected on the other half of his interest. Appellants also failed to bring these facts to the attention of the Chapter 7 Trustee, the Bankruptcy Court, or the creditors at the meeting of the creditors.

On Schedule D of their petition, in which debtors are required to detail all secured creditor claims, Appellants indicated that Appellees William and Terri Blacker held a judgment lien against the Property in the amount of $41,081.00. This lien was a result of a lawsuit the Blackers had filed against Mr. Crapo in 2005 related to a dispute between the parties over a home improvement contract. In February 2007, Appellees obtained the

---

[1] The factual and procedural background is drawn from the appellate record. (*See* Appellants' Designation of Items [Doc. # 2]; Appelles' Designation of Items [Doc. # 4]; Index to Appellees' Brief [Doc. # 21-1].)

judgment against Mr. Crapo, which was recorded in the land records on June 28, 2010. On September 14, 2010, Appellees commenced foreclosure proceedings against the Property in an attempt to satisfy the lien. In the course of this foreclosure action, counsel for Appellees performed a title search of the Property, the results of which indicated that the Property was still held in joint tenancy by Mr. Crapo and his former wife. Counsel for Appellees did not raise the issue of the contradictory title at the meeting of the creditors.

On September 2, 2011, Appellants received a bankruptcy discharge. On December 2, 2011, the Chapter 7 Trustee filed a "Report of No Distribution" indicating that the Property had been abandoned by the Estate, and on December 7, 2011, the Appellants' bankruptcy case was closed. After this discharge, Appellees went forward with the foreclosure proceedings against the Property. Counsel for Appellees contacted the former Mrs. Crapo and obtained a quit claim deed from her to Mr. Crapo, which they promptly recorded on May 12, 2012. On May 14, 2012, Appellants, proceeding pro se, moved to reopen their bankruptcy case and commence an adversary proceeding against Appellees to enjoin the foreclosure action, arguing that because title was perfected after the discharge, Mr. Crapo only obtained his former wife's half interest in the Property post-petition, and thus a foreclosure action against his entire interest in the Property would violate the discharge.

On August 29, 2012, the Bankruptcy Court held a hearing on the motion to reopen. On September 4, 2012, the Bankruptcy Court issued an order denying the motion on the basis that the estate had been fully administered and properly closed. On September 13, 2012, Appellants filed a "Motion to Alter/Amend Order Denying Debtors' Motion to Reopen Case." The Bankruptcy Court held a hearing on this motion on October 2, 2012, and informed the parties that it would treat the motion as a motion for

3

relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On December 6, 2012, the Bankruptcy Court issued an order denying the Rule 60 motion, holding that Appellants were judicially estopped from denying that Mr. Crapo held a 100% interest in the Property prior to discharge based on their representations in Schedule A of their Chapter 7 bankruptcy petition. Appellants have appealed that ruling to this Court.

## II.     Legal Standard

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Metzen v. United States*, 19 F.3d 795, 797 (2d Cir. 1994). The bankruptcy court's conclusions of law, however, are reviewed *de novo*. *See In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999). Mixed questions of law and fact are also reviewed *de novo*. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). Although the Second Circuit has not determined whether *de novo* or abuse-of-discretion review applies to a court's judicial estoppel determination, *see Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 618 (2d Cir. 2012) (noting split in authority), other circuits review a bankruptcy court's application of judicial estoppel for abuse of discretion, *see, e.g.*,

4

*Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1261 (11th Cir. 1988) *abrogated on other grounds by Grogan v. Garner*, 498 U.S. 279 (1991).[2]

### III.   Discussion

Appellants have filed a statement of issues to be presented on appeal, detailing the following six questions for the Court to address:

(1) Did the Bankruptcy Court err in finding that the Divorce Decree, issued in 1997 ordering transfer of interest in real property to the Debtor, effected that transfer without being recorded on land records, and without an execution of a deed?

(2) Did the Bankruptcy Court err in finding that Debtor Mark Crapo's failure to take any action to ensure compliance with the State Court Divorce Decree resulted in him becoming the sole owner of the property subject to the Divorce Decree?

(3) Did the Bankruptcy Court err in finding that Creditors Blackers' post-petition efforts to enforce a pre-petition State Court Judgment on Debtors['] behalf, in order for the Debtor to become the sole owner of the property, which the Creditors are foreclosing upon, did not violate Debtors' discharge?

(4) Did the Bankruptcy Court err in finding that Debtor Mark Crapo has been the sole legal owner of the Winsted Road property since 1997?

(5) Did the Bankruptcy Court err in finding that Debtor Mark Crapo's statement of 100% interest in real property (133 Winsted Rd., Torrington, CT) on Bankruptcy "Schedule A" is inconsistent with Debtor's post discharge position, that on the day of the Petition he held 50% legal interest in the property and a claim to the remaining interest?

---

[2] The parties agree that the Court should review the Bankruptcy Court's judicial estoppel determination for abuse of discretion.  (*See* Brief of Appellants [Doc. # 20] at 3 n.3; Brief of Appellees [Doc. # 21] at 1.)  However, because the Court concludes that the Bankruptcy Court's application of judicial estoppel was appropriate based on both a *de novo* and an abuse-of-discretion review, it need not decide which standard of review is applicable.

> (6) Did the Bankruptcy Court err in finding that Debtor Mark Crapo has taken two different positions in representing his ownership of the Winsted Road property and that judicial estoppel is warranted?

(*See* Stmt. of Issues [Doc. # 3].)  However, if the Court concludes that the Bankruptcy Court properly applied judicial estoppel in this case, it need not address questions one through four, because Appellants will be estopped from denying that Mr. Crapo held at 100% interest in the Property at the time the petition was filed.

The Bankruptcy Court indicated that it would construe Appellants' "motion to amend" as a motion for relief from judgment pursuant to Rule 60(b).  Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:   (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  However, the Bankruptcy Court also cited the standard for a motion for reconsideration in its ruling on Appellants' motion.  Both types of motion are disfavored and generally will not be granted absent a showing of clear error or some other exceptional circumstance.  The Second Circuit has noted that "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Internat'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2001).  The Second Circuit has further explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision absent clear error. *Id.*

The Bankruptcy Court denied Appellants' motion on the basis that they were judicially estopped from denying that Mr. Crapo had a 100% interest in the Property pre-discharge as a result of the representation they made to that effect in Schedule A of their Chapter 7 bankruptcy petition. The purpose of judicial estoppel is to prevent a party from benefiting from inconsistent positions that would pervert the integrity of the judicial process. *New Hampshire v. Maine,* 532 U.S. 742, 749–50 (2001). While not an exhaustive formula, judicial estoppel generally applies if: (1) a party's later position is clearly inconsistent with its earlier position; (2) the party's former position has been adopted by a court in an earlier proceeding; (3) the party asserting the two positions would gain an unfair advantage against the party seeking estoppel; and (4) allowing the inconsistent position is certain to impact judicial integrity. *De Rosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010); *see also New Hampshire*, 532 U.S. at 750–51.

Appellants argue that their position that at the time of the petition, Mr. Crapo had a fifty percent interest in the Property and an inchoate claim to an additional fifty percent interest in the Property as a result of the divorce decree is not clearly inconsistent with

their statement on Schedule A that Mr. Crapo held a 100% interest in the Property.  The gravamen of this argument appears to be that because Schedule A indicates that debtors must list all property in which they hold a "legal, equitable, or future interest," Appellants were including both Mr. Crapo's fifty percent legal interest and his fifty percent future interest when they wrote "100%" on the form.  However, when viewed in the light of the entire appellate record, this contention lacks merit.  Appellants made no attempt to clarify the nature of Mr. Crapo's interest in the Property on Schedule A, and simply wrote "100%."  Nowhere in the petition did they mention his former wife's interest, the divorce decree ordering that she remit that interest to Mr. Crapo, or the fact that Mr. Crapo had never perfected title to the second half of his interest in the property.  Furthermore, Appellants failed to raise any of these issues at any time during the bankruptcy proceedings.  Without this necessary context, the Bankruptcy Court, the Trustee, and the creditors were justified in believing that Mr. Crapo held a full interest in the Property, and the Bankruptcy Court clearly adopted such a position during the proceedings.  Appellants' current claim that Mr. Crapo only held fifty percent of the Property at the time the petition was filed is clearly inconsistent with his prior representations.

Appellants also appear to argue that they have gained no unfair advantage against Appellees by advancing contradictory positions because counsel for Appellees was aware of the former Mrs. Crapo's interest based on a title search of the Property performed when the foreclosure proceeding was initiated.  However, while Appellees may have been aware that the land records indicated that another individual held an interest in the property at the time of the foreclosure action, they were still permitted to rely on Appellants' sworn statement in their petition, filed after the title search had been conducted, that Mr. Crapo held a 100% interest in the Property.  Appellees forwent some

8

of their potential remedies during the bankruptcy proceedings in reliance on this statement, such as seeking to exempt the portion of their lien related to the punitive damages award against Mr. Crapo from the discharge pursuant to 11 U.S.C. § 523(a). Furthermore, the Property appears to be worth significantly less than Appellants had represented in their petition, and the sale of the Property may not satisfy Appellees' judgment lien in full. To permit Mr. Crapo to recover fifty percent of the foreclosure sale proceeds based on his inconsistent positions would thus grant him an unfair advantage over Appellees.

With respect to the final *De Rosa* factor, the Bankruptcy Court was correct in concluding that permitting Appellants to adopt inconsistent positions would impact judicial integrity. Adopting Appellants' current position would allow them to benefit from a third party's failure to obey a state court order, the existence of which they concealed from the Bankruptcy Court. This potential becomes even more troubling when one considers that Mr. Crapo had the ability to perfect his title to the Property without any action on the part of his former wife by recording a copy of the divorce decree. Thus, unless judicial estoppel is applied, Mr. Crapo would benefit from his own inaction, and his failure to disclose that inaction to the Court. Therefore, based on a *de novo* consideration of the *De Rosa* factors, the Court concludes that the Bankruptcy Court properly estopped Appellants from asserting that fifty percent of Mr. Crapo's interest in the Property was acquired after the bankruptcy discharge.

The sole ground cited by Appellants for reopening the bankruptcy case was that Mark Crapo had acquired fifty percent of his interest in the Property post-petition and that, as a result, the foreclosure action against his entire 100% interest in the Property violated the discharge. Because the Bankruptcy Court properly concluded that

Appellants should be judicially estopped from making this argument, there were no issues left for the Bankruptcy Court to consider that would have justified reopening the case. Therefore, the Court concludes that the Bankruptcy Court properly denied Appellants' motion to reopen and their subsequent motion for relief from judgment.

### IV.    Conclusion

For the foregoing reasons, the ruling of the Bankruptcy Court is AFFIRMED. The Clerk is directed to enter judgment in favor of Appellees and to close this case.


IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 30th day of March, 2014.